# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MICHAEL ARNOLD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Case No.:** |
| ) | |
| **LOVE'S TRAVEL STOPS &** ) | |
| **COUNTRY STORE, INC.,** ) | **JURY DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Mr. Michael Arnold ("Plaintiff" or "Arnold"), by and through his undersigned counsel of record, and files this Complaint against Love's Travel Stops & Country Stores, Inc. ("Defendant" or "Love's"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. This is a suit authorized and brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000(e) et seq., (hereinafter referred to as "Title VII").

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. The unlawful employment practices described herein were committed in Tuscaloosa County, Alabama; therefore, venue lies in the United States District Court for the Northern District of Alabama, Western Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a citizen of the United States of America over the age of nineteen (19) years, and currently resides in Jefferson County, Alabama.

5. Plaintiff was, at all times relevant to this complaint, an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f) and was, at all times relevant, Defendant's "employee".

6. Defendant is a Foreign Corporation, based out of Oklahoma City, Oklahoma with a principal mailing address of 10601 North Pennsylvania Avenue, Oklahoma City, Oklahoma 73126.

7. During all times relevant to this Complaint, Defendant conducted business in Alabama, specifically at 22183 AL-216, McCalla, Alabama 35111.

8. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and was, at all times relevant, Plaintiff's "employer."

## ADMINISTRATIVE EXHAUSTION

9. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant.

10. Charge number 420-2021-00940 (the "Charge") was filed on January 28, 2021. (Attached hereto as **Exhibit A**).

11. Plaintiff received the Right to Sue ("RTS") for the Charge on or about September 27, 2022. (Attached hereto as **Exhibit B**).

12. Plaintiff has now filed this Complaint within ninety (90) days of his receipt of the RTS and has, therefore, exhausted all administrative remedies with respect to the Charge before filing her claims with this Court.

## FACTS

13. Arnold is an African American male.

14. Defendant hired Arnold in or around July 2019 to work as a Mechanic Apprentice.

15. While employed with Defendant, Arnold heard Caucasian coworkers use disparaging racial terms about or directly to African American customers.

16. For example, Zeb Majors ("Majors"), a Caucasian coworker, said to an African American customer, "Get your monkey ass out of my shop."

17. Coworkers subjected Arnold to racial slurs and epithets.

18. Majors and another Caucasian coworker, Andrew Tucker ("Tucker"), both called Arnold a "nigger."

19. In October 2020, Arnold reported the racial harassment to Brad Holiday ("Holiday"), the Tire Care Manager.

20. Defendant failed to take any remedial action.

21. In or around December 2020, Defendant hired John West ("West"), who is a Caucasian male.

22. Immediately thereafter, West referring to Arnold as "boy."

23. On or about December 4, 2020, West made a racially charged comment to Arnold referencing the ongoing Civil Rights protests involving Mr. George Floyd.

24. Specifically, West told Arnold, "I'm going to put my foot on your neck like they're doing to the rest of you."

25. On or about December 4, 2020, West also vandalized Arnold's car with a sharpened ice pick.

26. On or about December 4, 2020, Arnold reported West's discriminatory comments and actions to Holiday.

27. In response, Arnold was immediately sent home, and shockingly Defendant allowed West to complete his scheduled shift.

28. Days later, on or about December 7, 2020, Holiday terminated Arnold.

29. Holiday stated that the termination decision "came from corporate."

30. Defendant's actions in terminating Arnold resulted in significant financial and emotional harm to Arnold.

## COUNT I
## RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII

31. Arnold is an African American male.

32. Defendant is an "employer" within the meaning of Title VII.

33. At all times relevant to this Complaint, Defendant employed at least fifteen (15) employees.

34. Defendant hired Arnold in or around July 2019 to work as a Mechanic Apprentice.

35. While employed with Defendant, Arnold heard Caucasian coworkers use disparaging racial terms about or directly to African American customers.

36. For example, a Caucasian coworker, Majors, said to an African American customer, "Get your monkey ass out of my shop."

37. Coworkers subjected Arnold to racial slurs and epithets.

38. Two Caucasian coworkers, Majors and Tucker, both called Arnold a "nigger."

39. In October 2020, Arnold reported the racial harassment to Holiday, the Tire Care Manager.

40. Defendant failed to take any remedial action.

41. In or around December 2020, Defendant hired West, who is a Caucasian male.

42. Immediately thereafter, West referring to Arnold as "boy."

43. On or about December 4, 2020, West made a racially charged comment to Arnold referencing the ongoing Civil Rights protests involving Mr. George Floyd.

44. Specifically, West told Arnold, "I'm going to put my foot on your neck like they're doing to the rest of you."

45. On or about December 4, 2020, West also vandalized Arnold's car with a sharpened ice pick.

46. On or about December 4, 2020, Arnold reported West's discriminatory comments and actions to Holiday.

47. In response, Arnold was immediately sent home, and shockingly Defendant allowed West to complete his scheduled shift.

48. As a result of Defendant's actions and inactions, Arnold has been deprived of income and the benefits associated with his employment. The conduct described herein caused Arnold emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

## COUNT II
## RETALIATION

49. Arnold is an African American male.

50. Defendant hired Arnold in or around July 2019 to work as a Mechanic Apprentice.

51. While employed with Defendant, Arnold heard Caucasian coworkers use disparaging racial terms about or directly to African American customers.

6

52. For example, a Caucasian coworker, Majors, said to an African American customer, "Get your monkey ass out of my shop."

53. Coworkers subjected Arnold to racial slurs and epithets.

54. Two Caucasian Coworkers, Majors and Tucker, both called Arnold a "nigger."

55. In October 2020, Arnold reported the racial harassment to Holiday, the Tire Care Manager.

56. Defendant failed to take any remedial action.

57. In or around December 2020, Defendant hired West, who is a Caucasian male.

58. Immediately thereafter, West referring to Arnold as "boy."

59. On or about December 4, 2020, West made a racially charged comment to Arnold referencing the ongoing Civil Rights protests involving Mr. George Floyd.

60. Specifically, West told Arnold, "I'm going to put my foot on your neck like they're doing to the rest of you."

61. On or about December 4, 2020, West also vandalized Arnold's car with a sharpened ice pick.

62. On or about December 4, 2020, Arnold reported West's discriminatory comments and actions to Holiday.

63. In response, Arnold was immediately sent home, and shockingly Defendant allowed West to complete his scheduled shift.

64. Days later, on or about December 7, 2020, Holiday terminated Arnold.

65. Holiday stated that the termination decision "came from corporate."

66. Arnold engaged in statutorily protected conduct when he reported the racial statements and harassment to Defendant's management.

67. Arnold informed Holiday of the treatment on two separate occasions.

68. As a result of Defendant's actions or inactions, Arnold has been deprived of income and the benefits associated with his employment. The conduct described herein caused Arnold emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

**WHEREFORE,** Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. Back pay for lost income and any other compensatory damages;

B. Reinstatement or front pay if the Court determines reinstatement is impractical;

C. Liquidated damages equal to the amount of back pay;

D. Punitive damages;

E. A reasonable attorneys' fee;

F. Plaintiff's costs and expenses;

G.      Interest on all monies owed; and

H.      Any and all other relief the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on this the 27th day of December 2022.

Respectfully submitted,

/s *Meagan M. Corcoran*
Meagan M. Corcoran (ASB-4976-D34B)
Anthony D. Michel (ASB-6809-064M)
*Attorneys for Plaintiff*

**Michel | King**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Telephone: (205) 980-5700
Facsimile:  (205) 994-2819
Meagan@wmalabamalaw.com
anthony@wmalabamalaw.com

**DEFENDANT WILL BE SERVED VIA PROCESS SERVER AT THE FOLLOWING ADDRESS:**

Love's Travel Stops & Country Stores, Inc.
c/o r/a C T CORPORATION SYSTEM
2 North Jackson St. Suite 605
Montgomery, Alabama 36104

Respectfully submitted,

/s *Meagan M. Corcoran*
*Attorney for Plaintiff*